Derrick BYRD

v.

MASONITE CORPORATION et al.

EDCV 16–35 JGB (KKx)

United States District Court, C.D. California.

Signed 07/07/2016

Arby Aiwazian, Edwin Aiwazian, Jill Jessica Parker, Romina Keshishyan, Lawyers for Justice PC, Glendale, CA, Heather M. Davis, Kim Nga N. Nguyen, Nicole Rachel Clancy, Eric Albert Boyajian, Protection Law Group LLP, El Segundo, CA, for Derrick Byrd.

Heather Shook, Carlos Jimenez, Littler Mendelson PC, Los Angeles, CA, for Masonite Corporation et al.

**Proceedings: Order (1) GRANTING IN PART and DENYING IN PART Defendant's Motion to Strike and Motion to Dismiss the Sixth, Seventh, and Eighth Causes of Action from First Amended Complaint (Dkt. No. 30); and (2) VACATING the July 11, 2016 Hearing (IN CHAMBERS)**

JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion to Dismiss the Sixth, Seventh, and Eighth Causes of Action from First Amended Complaint ("FAC") and Motion to Strike Certain Allegations from the FAC, (Dkt. No. 30). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7–15. After consideration of the papers filed in support of and in opposition to the motions, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss and Motion to Strike. The July 11, 2016 hearing is VACATED.

## I. BACKGROUND

On November 17, 2015, Plaintiff Derrick Byrd ("Plaintiff") filed a putative class action in California Superior Court for the County of Riverside against his employer, Defendant Masonite Corporation ("Defendant" or "Masonite"), and fictitious Defendants 1 through 100. (See "Complaint," Dkt. No. 1–1.) The Complaint alleges eleven causes of action: (1) unpaid overtime, Cal. Lab. Code §§ 510, 1198; (2) unpaid meal period premiums, Cal. Lab. Code §§ 226.7, 512(a); (3) unpaid rest period premiums, Cal. Lab. Code § 226.7; (4) unpaid minimum wages, Cal. Lab. Code §§ 1194, 1197, 1197.1; (5) final wages not timely paid, Cal. Lab. Code §§ 201, 202; (6) wages not timely paid during employment, Cal. Lab. Code § 204; (7) non-compliant wage statements, Cal. Lab. Code § 226(a); (8) failure to keep requisite payroll records, Cal. Lab. Code § 1174(d); (9) unreimbursed business expenses, Cal. Lab. Code § 1174(d); (10) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (11) a representative action pursuant to California's Private Attorney's General Act ("PAGA"), Cal. Lab., Code §§ 2698 et seq. On January 6, 2016, Masonite removed the action to this Court pursuant to the Class

Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (See "Notice of Removal," Dkt. No. 1.)

On January 13, 2016, Masonite filed a motion to dismiss the Complaint, (Dkt. No. 12), which the Court granted with leave to amend on February 25, 2016, ("Feb. 25, 2016 Order," Dkt. No. 24). On March 18, 2016, Plaintiff filed a First Amended Complaint. ("FAC," Dkt. No. 25.) The FAC alleges the same eleven wage and hour causes of action against Masonite as were alleged in the Complaint. On March 18, 2016, Plaintiff filed a motion to remand the action to California Superior Court for the County of Riverside, (Dkt. No. 26), which the Court denied on May 5, 2016, (Dkt. No. 42).

■ On April 1, 2016, Defendant filed a motion to dismiss the sixth, seventh, and eighth causes of action from the FAC and to strike certain allegations from the FAC as immaterial and impertinent. ("Mot.," Dkt. No. 30.) Plaintiff opposed that motion on April 11, 2016. ("Opp.," Dkt. No. 34.) On April 18, 2016, Masonite filed a reply memorandum. ("Reply," Dkt. No. 37.) In support of its reply, Masonite filed a request for judicial notice.[1] (Dkt. No. 38.)

## II. MOTION TO DISMISS

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v.

Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds ' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 545, 127 S.Ct. 1955.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955; Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausi-

---

1. The Court declines to take judicial notice of any documents for purposes of Defendant's

Motion to Dismiss.

bility of 'entitlement to relief.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing the party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B. Discussion**

Defendant moves to dismiss Plaintiff's sixth, seventh, and eighth causes of actions. (Mot. at 3–10.) Plaintiff opposes. (Opp. 5–11.)

### 1. Plaintiff's Sixth and Eighth Causes of Action

Plaintiff's sixth and eighth causes of action assert violations of California Labor Code sections 204 and 1174(d), respectively. Plaintiff's sixth cause of action alleges wages not timely paid during employment, (FAC ¶¶ 103–108), and Plaintiff's eighth cause of action alleges failure to keep requisite payroll records, (id. ¶¶ 118–123). As the Court explained in its previous Order, the only remedies available for these claims are civil penalties pursuant to the California Private Attorney General's Act ("PAGA"). (See Feb. 25, 2016 Order at 9.) In that Order, the Court stated that violations of these statutes may support a PAGA and/or UCL claim only. (See id., citing Slay v. CVS Caremark Corp., No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *8 n. 7 (E.D. Cal. May 4, 2015) ("Nothing in this order should be construed to suggest that the allegations of the violation of Section 204 cannot form the basis for recovery under the UCL or PAGA").) In the FAC, Plaintiff alleges that both causes of

action are "brought pursuant to the California Private Attorney General's Act of 2004 and California's Unfair Competition Law only." (FAC ¶¶ 108, 123.) Defendant moves to dismiss these causes of action on the grounds that sections 204 and 1174(d) cannot serve as a basis for "independent" causes of action and that they cannot support a UCL claim. (Mot. at 4; Reply at 2.) Defendant concedes that Plaintiff may assert these claims pursuant to PAGA, but contends that Plaintiff can only bring these claims within his eleventh cause of action for violations of PAGA. (Reply at 2, n. 2.)

 As a preliminary matter, the Court finds that sections 204 and 1174(d) cannot support a UCL claim, and in that vein, the Court declines to follow the reasoning of Slay, 2015 WL 2081642, at *8 n. 7. Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999); see also Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003) ("A UCL action is equitable in nature; damages cannot be recovered.").

The only remedies recoverable in sections 204 and 1174(d) are civil penalties. These penalties are not restitutionary. See Tomlinson v. Indymac Bank, F.S.B., 359 F.Supp.2d 891, 898 (C.D. Cal. 2005) (granting judgment on the pleadings on the grounds that civil penalties under the Labor Code "are not restitutionary, and thus not recoverable under the UCL"). Because the civil penalties recoverable pursuant to sections 204 and 1174(d) are not restitutionary, they are not recoverable under the UCL. See Parson v. Golden State FC, LLC, No. 16-CV-00405-JST, 2016 WL 1734010, at *6 (N.D. Cal. May 2, 2016) ("Plaintiffs do not appear to dispute that the civil penalties imposed under Califor-

nia law are unrecoverable under the UCL, as they seek to contrast those penalties with the owed wages."); In re Wal–Mart Stores, Inc. Wage & Hour Litig., 505 F.Supp.2d 609, 619 (N.D. Cal. 2007) (granting a motion to dismiss a UCL claim where the claim was premised on Labor Code sections that provided for civil penalties, not wages, which could not be raised through a § 17200 claim). The Court therefore GRANTS IN PART Defendant's motion to dismiss Plaintiff's sixth and eighth causes of action to the extent those causes of action are brought pursuant to the UCL.

■ To the extent Plaintiff's sixth and eighth causes of action are brought pursuant to PAGA, they are redundant to Plaintiff's eleventh cause of action. Plaintiff's eleventh cause of action seeks to recover civil penalties under PAGA for violations of various Labor Code sections, including sections 204 and 1174(d). (See FAC ¶¶ 144, 146.) Plaintiff appears to concede that his sixth and eighth causes of action are redundant to his eleventh cause of action because he states that whether he asserts these caims within the PAGA cause of action or independently, this "has absolutely no impact on Defendant's liability or the substantive rights of either party." (Opp. at 6.) Accordingly, the Court concludes that Plaintiff's sixth and eighth causes of action are redundant to his eleventh cause of action and sua sponte STRIKES those claims from the FAC pursuant to Federal Rule of Civil Procedure 12(f)(1) and DENIES IN PART AS MOOT Defendant's motion to dismiss those claims. See Luat v. Mabus, No. 11 CV 0496 MMA POR, 2011 WL 6152285, at *3 (S.D. Cal. Dec. 12, 2011) (sua sponte striking a redundant claim and denying as moot the defendant's motion to dismiss that claim).

## 2. Plaintiff's Seventh Cause of Action

Plaintiff's seventh cause of action alleges violations of Labor Code section 226(a), which provides that employers must furnish their employees with accurate, itemized wage statements. (FAC ¶¶ 109–117.) Plaintiff seeks actual damages, statutory penalties, injunctive relief, and civil penalties. (Id. at Prayer for Relief ¶¶ 45–50.) Defendant moves to dismiss this claim on the grounds that Plaintiff's claim for statutory penalties is time-barred, he lacks standing to sue for injunctive relief, and he has failed to state a claim for actual damages. (Mot. at 5–10.)

### i. Injunctive Relief

■ As a former employee of Defendant, Plaintiff lacks standing to sue for injunctive relief. "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001)). "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." Id. (quoting Clark, 259 F.3d at 1007). Former employees lack standing to bring a claim for injunctive relief against their employers because such employees do not stand to benefit from the injunction. Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 364, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 986 (9th Cir. 2011) (finding that named plaintiffs in a class action case lack standing to sue for injunctive relief regardless of whether the certified class included both current and former employees of the defendant-employer); Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee lacked standing to bring a claim for injunctive relief under Americans with Disabilities Act because

she "would not stand to benefit from an injunction ... at her former place of work"). In the context of a putative class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." Hodgers–Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir. 1999). "Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question of whether the named plaintiffs are entitled to the injunctive relief they seek." Id.

Plaintiff is a former employee of Defendant. (FAC ¶ 25.) In his opposition, Plaintiff does not dispute that he lacks standing to seek injunctive relief. Accordingly, the Court GRANTS IN PART Defendant's motion to dismiss Plaintiff's seventh cause of action and DISMISSES the claim to the extent it seeks injunctive relief.

### ii. Equitable Tolling

Regarding Defendant's argument that Plaintiff's claim for statutory penalties is time-barred, the Court previously permitted Plaintiff to amend his complaint to support his theory that the doctrine of equitable tolling applies to his claim for statutory penalties. (Feb. 25, 2016 Order at 11.) As previously stated, Plaintiff's prayer for statutory penalties is governed by the one-year statute of limitations in Labor Code section 340(a) and does not benefit from PAGA's tolling provision.[2] Plaintiff's employment with Masonite ended on October 24, 2014 and he did not file suit until November 17, 2015. Therefore, on its face, Plaintiff's section 226(a) claim for statutory penalties is time-barred.

However, under California law, the doctrine of equitable tolling suspends or extends a statute of limitations as necessary to ensure fundamental practicality and fairness. McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 99, 84 Cal.Rptr.3d 734, 194 P.3d 1026 (2008). It applies "when an injured person has several legal remedies and, reasonably in good faith, pursues one." Id. at 100, 84 Cal.Rptr.3d 734, 194 P.3d 1026 (internal citations omitted). "Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." Id. (citing Collier v. City of Pasadena, 142 Cal.App.3d 917, 923, 191 Cal.Rptr. 681 (1983)).

Equitable tolling is not limited to cases in which a plaintiff was required to pursue a particular alternate remedy before initiating suit. Id. Rather, "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled." Elkins v. Derby, 12 Cal.3d 410, 414, 115 Cal.Rptr. 641, 525 P.2d 81

**2.** A plaintiff pleading a PAGA claim is required to first send a letter to the California Labor and Workforce and Development Agency ("LWDA") outlining the factual and legal basis for his claim. Cal. Lab. Code § 2699.3(a). An aggrieved employee may only commence a civil action after he receives notice from the LWDA that it does not intend to investigate the violations, or, if no notice is provided, after 33 calendar days of the postmark date of his notice to the LWDA. Cal. Lab. Code § 2699.3(a)(2). This time is excluded from the period during which a civil suit must commence and therefore operates as a toll of the one-year statute of limitations. Cal. Lab. Code § 2699.3(d); see also Martinez v. Antique & Salvage Liquidators, Inc., No. C09-00997-HRL, 2011 WL 500029, at *8 (N.D. Cal. Feb. 8, 2011) ("PAGA allows for a tolling of the limitations period during the (at most) 33–day period during which the LWDA is assessing, or the employer may be curing, the alleged violations").

(1974). If otherwise appropriate, application of the equitable tolling doctrine is proper when a plaintiff: (1) gives notice to the defendant in filing the first claim within the statute of limitations; (2) avoids prejudice by "affording the defendant an opportunity to identify sources of evidence" in the claim being tolled; and (3) acts reasonably and in good faith in filing the second claim. Collier, 142 Cal.App.3d at 924–925, 191 Cal.Rptr. 681.

In the FAC, Plaintiff alleges:

> The application of equitable tolling for Plaintiff's section 226(a) claim as it relates to statutory penalties is proper given that: (1) Plaintiff provided Defendants written notice of the substantive basis of his claims by sending Defendants his pre-litigation PAGA notice letter on October 14, 2015; (2) Defendant cannot claim prejudice when it had notice of the factual and legal bases of Plaintiff's claim within the statutory period; and (3) Plaintiff in good faith filed his initial complaint in the earliest possible time after providing the LWDA and Defendants with its statutorily-mandated 33–day safe harbor.

(FAC ¶ 112.) This is sufficient to state a claim for equitable tolling. Plaintiff's October 14, 2015 letter to the California Labor and Workforce and Development Agency ("LWDA") outlined the basis for his PAGA claims—which included alleged violations of section 226—and was provided to Defendant via certified mail. (Id. ¶ 23.) The factual and legal basis for liability for Plaintiff's section 226 claim is not altered by the fact that Plaintiff sought civil penalties pursuant to PAGA in the October 14, 2015 letter and now also seeks statutory penalties pursuant to the Labor Code. Defendant therefore had notice of the substantive basis of Plaintiff's section 226 claim on or about October 14, 2015, ten days before the statute of limitations was set to expire.

Moreover, Plaintiff contends that he proceeded reasonably and in good faith. As another court stated in a case similar to this one, "Plaintiff was not required to act simultaneously on every possible claim that could be derived from the above facts; by delaying this action until the expiration of the 33–day waiting period, plaintiff avoided potentially duplicative actions that might have arisen had the LWDA chosen to pursue the claims stated in the pre-litigation letter." Sarkisov v. StoneMor Partners, L.P., No. C 13-04834 WHA, 2014 WL 1340762, *3–4 (N.D. Cal. April 3, 2014). Masonite contends that Plaintiff should have commenced this action simultaneously with the LWDA pre-litigation letter, amending if necessary after the 33–day waiting period had expired. (Mot. at 7–8.) Although Plaintiff could have followed Defendant's proposed strategy, "whether his decision was reasonable and in good faith is not a question that can be conclusively resolved at this stage of litigation." Sarkisov, 2014 WL 1340762, *4. Accordingly, the Court DENIES IN PART Defendant's motion to dismiss the seventh cause of action to the extent Defendant contends that Plaintiff's claim for statutory penalties pursuant to section 226(a) is time-barred. The Court finds that Plaintiff has adequately pled a theory of equitable tolling.

### iii. Actual Damages

Masonite moves to dismiss Plaintiff's prayer for actual damages resulting from alleged violations of section 226(a) on the grounds that Plaintiff has failed to state a claim for actual damages. (Mot. 8–10.) Plaintiff alleges that as a result of Masonite's violation of section 226(a), he and other class members "have suffered injury and damage to their statutorily-pro-

tect rights." [3] (FAC ¶ 113.) This alleged damage includes the fact that he and the putative class members "were unable to determine the total number of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount." (Id.) In order to determine how much Plaintiff and the putative class members should have been paid, they "would have had to engage in discovery and mathematical computations in order to reconstruct the missing information." (Id.)

■■■ Section 226 provides that employees are deemed to suffer injury if the employer fails to provide accurate and complete information as required by section 226(a) and the employee cannot promptly and easily determine from the wage statement alone the total hours worked, among other information. Cal. Lab. Code § 226(e)(2)(B)(i). A plaintiff alleges a sufficient injury for purposes of section 226(a) if the inaccurate or incomplete wage statements required the plaintiff "to engage in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid." Price v. Starbucks Corp., 192 Cal.App.4th 1136, 1143, 122 Cal.Rptr.3d 174 (2011). Plaintiff alleges that he and the putative class members would have had to engage in such discovery and mathematical computations. (FAC ¶ 113.) By way of example, Plaintiff alleges that on April 4, 2013, Masonite issued Plaintiff a wage statement that did not reflect all overtime hours that Plaintiff worked and that were recorded in Defendant's timekeeping system. (Id. ¶ 115.) The Court finds these allegations sufficient to state a claim for actual damages for violations of section 226(a) and therefore DENIES IN PART Defendant's motion to dismiss the seventh cause of action.

## III. MOTION TO STRIKE

### A. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ..." "Motions to strike are generally disfavored." Leghorn v. Wells Fargo Bank, N.A., 950 F.Supp.2d 1093, 1122 (N.D. Cal. 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2004)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ..." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted).

### B. Discussion

Defendant moves to strike several allegations from Plaintiff's Prayer for Relief: (1) Plaintiff's prayer for "statutory wage penalties pursuant to California Labor Code section 1197.1," (FAC, Prayer for Relief ¶ 28); (2) Plaintiff's prayer for "statutory penalties" for violations of Labor Code section 2802, (id. ¶ 58); (3) Plaintiff's prayer for injunctive relief, (id. ¶¶ 48, 66); and (4) Plaintiff's prayer for penalties for violating the UCL, (id. ¶ 62). (Mot. at 11–14.)

#### 1. Statutory Penalties

■■■ Defendant contends that Plaintiff's prayer for statutory penalties pursuant to sections and 2802 are time-barred, and as such, are immaterial. (Mot. at 11–

---

**3.** Plaintiff's claim for actual damages is governed by a three-year statute of limitations and is therefore timely. Cal. Code Civ. Proc. § 338.

12.) Claims for penalties are governed by a one-year statute of limitations. Cal. Lab. Code § 340(a). Plaintiff's employment with Masonite ended on October 24, 2014 and he did not file suit under November 17, 2015. As such, Plaintiff's prayers for statutory penalties pursuant to sections 11971.1 and 2802 are time-barred. Claims that are barred pursuant to statutes of limitations are properly stricken under Rule 12(f) as immaterial. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Accordingly, the Court GRANTS Defendant's motion to strike Plaintiff's prayer for statutory penalties pursuant to sections 1197.1 and 2802.

However, the Court will grant Plaintiff leave to amend his complaint as it relates to statutory penalties. Plaintiff contends in his opposition that his prayer for statutory penalties pursuant to sections 1197.1 and 2802 should equitably tolled for the same reasons his claim pursuant to section 226(a) should be equitably tolled: Defendant had notice of these claims pursuant to the October 14, 2014 PAGA letter Plaintiff sent to Masonite and the LWDA, and as such, was not prejudiced by the short delay. (Opp. at 13; see also FAC ¶ 23 (alleging in pertinent part that the LWDA letter notified Masonite of violations of sections 1197.1 and 2802)). The Court agrees and will permit Plaintiff to amend his complaint to that effect.

### 2. Injunctive Relief

■ Defendant contends that Plaintiff lacks standing to obtain injunctive relief because he is a former employee of Masonite. (Mot. at 12–14.) As such, Defendant argues Plaintiff's prayer for injunctive relief should be stricken as immaterial. (Id.) Defendant is correct that, as a former employee, Plaintiff lacks standing to seek injunctive relief on behalf of himself or a putative class of current employees. See supra, § II(B)(2)(i); Wal–Mart, 564 U.S. at 364, 131 S.Ct. 2541. However, "a motion to strike Plaintiff's demand for injunction is not the appropriate procedural vehicle." Rosenstein v. Pratt, No. 15CV2183 JM(JLB), 2016 WL 308593, at *4 (S.D. Cal. Jan. 25, 2016); see also Varsam v. Lab. Corp. of Am., 120 F.Supp.3d 1173, 1183 (S.D. Cal. 2015) ("Rule 12(f) states that a district court 'may strike from a pleading an insufficient defense or 18 any redundant, immaterial, impertinent, or scandalous matter.' Fed. R. Civ. P. 12(f). Plaintiff's claim for injunctive relief is none of these."). As such, Defendant's motion to strike Plaintiff's prayer for injunctive relief is DENIED.

Notwithstanding the fact that Rule 12(f) is an improper vehicle for the relief Defendant seeks, "federal courts are required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002) (citing B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999)). Because the Court finds that Plaintiff lacks standing to seek injunctive relief, the Court DISMISSES Plaintiff's prayer for injunctive relief.

### 3. Penalties under the UCL

■ Defendant also contends that, as a matter of law, Plaintiff cannot base his UCL claim upon statutory or civil penalties, and as such, his allegations regarding penalties in his UCL claim are immaterial. (Id. at 14.) Although the Court is inclined to agree with Defendant that this relief is unavailable to Plaintiff as a matter of law, see supra, § II(B)(1), "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, 618 F.3d at 974–75. A claim for relief, regardless of form, is not immaterial to a plaintiff's complaint because

"whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief." Id. at 974.

Similar to the motion at issue in Whittlestone, Defendant's motion is "really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [Masonite] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." Id. The Court therefore DENIES Defendant's motion to strike Plaintiff's allegations and prayer for penalties for violating the UCL.

## IV. CONCLUSION

The Court hereby ORDERS as follows:

- The Court GRANTS IN PART Defendant's motion to dismiss Plaintiff's sixth and eighth causes of action to the extent those causes of action are brought pursuant to the UCL.

- The Court sua sponte STRIKES claims six and eight from the FAC as redundant to claim eleven to the extent claims six and eight are brought pursuant to PAGA. Defendant's motion to dismiss those claims is therefore DENIED IN PART AS MOOT.

- The Court GRANTS IN PART Defendant's motion to dismiss the seventh cause of action and DISMISSES the claim to the extent Plaintiff seeks injunctive relief.

- The Court DENIES IN PART Defendant's motion to dismiss the seventh cause of action to the extent Defendant argues Plaintiff's claim for statutory penalties pursuant to section 226(a) is time-barred.

- The Court DENIES IN PART Defendant's motion to dismiss the seventh cause of action to the extent Defendant argues Plaintiff failed to state a claim for actual damages.

- The Court GRANTS Defendant's motion to strike Plaintiff's prayer for statutory penalties pursuant to sections 1197.1 and 2802 WITH LEAVE TO AMEND.

- The Court DENIES Defendant's motion to strike Plaintiff's prayer for injunctive relief, but DISMISSES the prayer for lack of standing.

- The Court DENIES Defendant's motion to strike Plaintiff's allegations and prayer for penalties for violating the UCL.

Plaintiff may file a Second Amended Complaint that attempts to correct the deficiencies identified in this Order. If Plaintiff chooses to file an amended complaint, he must do so by **July 29, 2016.** If Plaintiff chooses instead to proceed on the valid portions of the First Amended Complaint, he must so notify the Court by that date.

The July 11, 2016 hearing is VACATED. **IT IS SO ORDERED.**