# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WHITTLESTONE, INC., a California
corporation,
                 *Plaintiff-Appellant,*

           v.

HANDI-CRAFT COMPANY, a Missouri
corporation,
                 *Defendant-Appellee.*

No. 09-16353

D.C. No.
4:08-cv-04193-SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted
May 13, 2010—San Francisco, California

Filed August 17, 2010

Before: Stephen Reinhardt, William A. Fletcher and
N. Randy Smith, Circuit Judges.

Opinion by Judge N. R. Smith

## COUNSEL

Russell J. Hanlon (argued), San Jose, California, for plaintiff-appellant WHITTLESTONE, INC.

Peter W. Herzog (argued) & Michael A. Vitale of Herzog Crebs, LLP, St. Louis, Missouri; Dean Pollack & Rohit A. Sabnis of Burnham Brown, PLC, Oakland, California for defendant-appellee HANDI-CRAFT COMPANY.

## OPINION

N.R. SMITH, Circuit Judge:

In this case of first impression, we hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a dis-

trict court to strike a claim for damages on the ground that such damages are precluded as a matter of law. We reverse and remand.

## I.  Background

In March 2006, Whittlestone (a California corporation with its principal place of business in California) and Handi-Craft (a Missouri corporation with its principal place of business in Missouri) entered into a written, twenty-year contract. In the contract, Handi-Craft was obligated to make minimum annual unit or dollar amount purchases of Whittlestone products for resale to third parties.

Relevant paragraphs of the contract stated:

> 5. *Term.* The "Term" of this Agreement shall begin on the date of this Agreement and end after the initial term described below, unless sooner terminated pursuant to the Agreement.
>
> . . . .
>
> 20.   *Termination.*
>
> a. This Agreement may be terminated as to any or all of the Whittlestone Products at any time by the mutual written consent of both parties.
>
> b. This Agreement may be terminated as to any or all of the Whittlestone Products by Handi-Craft upon at least forty-five (45) days prior written notice to Whittlestone in the event of the occurrence of any of the following events and Whittlestone's failure to cure said default within said time:
>
>> 1. The insolvency of Whittlestone; . . . .

2. If Whittlestone shall at any time commit a breach of its obligations or fails or omits to perform any of its material obligations contained herein.

c. This Agreement may be terminated as to any or all of the Whittlestone Products by Whittlestone upon at least forty-five (45) days prior written notice to Handi-Craft in the event of the occurrence of any of the following events and Handi-Craft's failure to cure said default within said time:

1. The insolvency of Handi-Craft; . . . .

2. If Handi-Craft shall at any time commit a breach of its obligations or fails or omits to perform any of its material obligations contained herein.

d. Neither party, by reason of the termination or nonrenewal of this Agreement for any or all of the Whittlestone Products, shall be liable to the other for compensation, reimbursement or damages because of the loss of anticipated sales or prospective profits or because of expenditures, investments, leases, property improvements or other matters related to the business or good will of either party.

. . . .

f. Upon termination of this Agreement as to any or all of the Whittlestone Products as a result of a material breach by Whittlestone, Handi-Craft, at its option, shall be relieved from any obligation to distribute any further shipment of any Whittlestone Products and may cancel all of its unshipped orders for such Whittlestone Products. . . . Upon termination of this Agreement as to any or all of the Whittle-

stone Products as a result of a material breach by Handi-Craft, Whittlestone at its option, shall be relieved from any obligation to ship any further shipment of any Whittlestone Products, and Handi-Craft must accept delivery of any remaining shipped or unshipped orders for such Whittlestone Products and Handi-Craft will be held liable for any and all such orders.

. . . .

i. This Agreement may be terminated by Whittlestone, at any time after the date that is eighteen (18) months following a Change in Control in the ownership of Handi-Craft upon ten (10) days prior written notice to Handi-Craft.

j. This Agreement may be terminated by Handi-Craft, at any time after the date that is eighteen (18) months following a Change in Control in the ownership of Whittlestone upon ten (10) days prior written notice to Whittlestone.

Handi-Craft unilaterally withdrew from the contract in June 2008—only two years into the twenty-year term. Shortly thereafter, Whittlestone filed suit against Handi-Craft for breach of contract, and requested damages, "including loss of the value of the twenty year contract for Whittlestone products including minimum annual unit or dollar purchases by Handi-Craft, lost profits, consequential damages [and] otherwise unearned credits and discounts granted to Handi-Craft is [sic] excess of $250,000." (hereinafter, these various damages are referred to generally as "lost profits and consequential damages"). Whittlestone also requested restitutionary relief.

## A.    The Rule 12(f) Motion

On October 9, 2008, Handi-Craft filed a Rule 12(f) motion to strike those portions of Whittlestone's complaint that

sought the recovery of lost profits and consequential damages. Handi-Craft claimed that such damages were barred by Paragraph 20(d) of the contract.

In an order dated November 18, 2008, the district court granted Handi-Craft's motion to strike. Without deciding which state's law governed the contract, the district court found that the provision limiting lost profits and consequential damages was enforceable under either Missouri or California law. It then found that the contract between the two parties clearly excluded the damages sought by Whittlestone. Accordingly, it struck Whittlestone's claim for "lost profits," "consequential damages," the "loss of value of the twenty year contract for Whittlestone products including minimum annual unit or dollar purchases by Handi-Craft," and other "unearned credits and discounts" from the complaint. Whittlestone then filed a motion for reconsideration, which was denied. Whittlestone now appeals.

## II.   Standard of Review

"We review the district court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). However, the issue presented here is not whether the district court properly struck the matter under Rule 12(f), but whether Rule 12(f) authorizes the district court to strike such matter at all. The panel reviews this purely legal issue *de novo. California Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005) ("This court reviews *de novo* a district court's interpretation of the Federal Rules of Civil Procedure.").

## III.   Discussion

Whittlestone argues that the district court erred by striking its claim for lost profits and consequential damages from the complaint, because courts may not resolve "disputed and sub-

stantial factual or legal issue[s] in deciding . . . a motion to strike." We agree and remand this case back to the district court with instructions that the relevant portions of Whittlestone's complaint not be stricken under Rule 12(f).

## A.    Whether the District Court Erred by Striking a Claim for Damages in a Rule 12(f) Motion

**[1]** Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Our interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's "plain meaning." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002). Thus, we begin our analysis by determining whether Whittlestone's claim for lost profits and consequential damages was: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.

**[2]** It is quite clear that none of the five categories covers the allegations in the pleading sought to be stricken by Handi-Craft. First, the claim for damages is clearly not an insufficient defense; nobody has suggested otherwise. Second, the claim for damages could not be redundant, as it does not appear anywhere else in the complaint. Third, the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief. *See Fogerty*, 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice*

*and Procedure* § 1382, at 706-07 (1990) (quotation marks omitted)). Fourth, the claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged. *Id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted). Finally, a claim for damages is not scandalous, and Handi-Craft has not alleged as much.

**[3]** Notwithstanding this, Handi-Craft argues that Whittlestone's claim for lost profits and consequential damages should be stricken from the complaint, because such damages are precluded as a matter of law. Thus, Handi-Craft's 12(f) motion was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit— actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion.[1] *Compare Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.' ") (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 782 (1969)), *with Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints . . . .").

**[4]** Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading (as Handi-Craft would have us do here), we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for

---

[1]When, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

summary judgment at a later stage in the proceedings) already serves such a purpose.

Moreover, Rule 12(f) motions are reviewed for "abuse of discretion," *Nurse*, 226 F.3d at 1000, whereas 12(b)(6) motions are reviewed *de novo*, *San Pedro Hotel Co., Inc. v City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998). Thus, if a party may seek dismissal of a pleading under Rule 12(f), the district court's action would be subject to a different standard of review than if the district court had adjudicated the same substantive action under Rule 12(b)(6). Applying different standards of review, when the district court's underlying action is the same, does not make sense.

**[5]** We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.[2]

(Text continued on page 12070)

---

[2]Even were we to examine the district court's actions under Rule 12(b)(6), we would be required to hold that the district court erred in dismissing Whittlestone's claim for lost profits and consequential damages.

Under both California law and Missouri law, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641; *Myers v. Union Elec. Light & Power Co.*, 66 S.W.2d 565, 568 (Mo. 1933). Reviewing the entirety of the contract to determine the meaning of "termination" as used in Paragraph 20(d) and "constru[ing] the pleadings in the light most favorable to the nonmoving party," *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), it appears the district court erred by ruling that Paragraph 20(d) necessarily precluded recovery of the damages sought by Whittlestone.

The contract states that the agreement is for a twenty-year term, "unless sooner terminated pursuant to the Agreement," suggesting that a termination must be done exclusively according to the terms of the contract. In a subsequent paragraph, Paragraph 20 entitled "*Termination*," the contract prescribes four methods for terminating the contract. First, it notes that the contract may be terminated "by the mutual written consent of both parties." Paragraph 20(a). Second, either party may terminate the contract, upon giving forty-five days prior written notice and a chance to cure, if the other party becomes insolvent. Paragrah 20(b)(1) & (c)(1). Third,

either party may terminate the contract, upon giving forty-five days prior written notice and a chance to cure, if the other party breaches a material obligation under the contract. Paragraph 20(b)(2) & (c)(2). And finally, either party may terminate the contract if there is a change in control in the ownership of the other party. Paragraph 20(i) & (j). These are the only four methods for terminating the contract "spelled out" in Paragraph 20; unilateral withdrawal of a party from the contact is not one of them. Thus, as Whittlestone plausibly argues, "interpreting paragraph 20(d) in light of the other provisions in the agreement, . . . a 'termination' [triggering] the damages limitation provision [of Paragraph 20(d)] must be a termination under one of the four grounds and procedures specified elsewhere in paragraph 20 (or the expiration of the 20-year term of the agreement)." Therefore, construing the pleadings in the light most favorable to Whittlestone, Whittlestone's claim for damages survives because the contract arguably was not terminated pursuant to Paragraph 20(d).

Pointing to language in paragraph 20(f) of the contract that described "termination . . . as a result of a material breach by [the parties]," the district court found that the "the term 'termination' and the ensuing damage limitation set forth in Paragraph 20(d) apply to terminations derived from breaches of the Agreement." The district court reasoned that, "[t]his language demonstrates that the parties intended 'termination,' as used in the Agreement, to encompass termination resulting from a material breach of the Agreement." Construing the pleadings in the light most favorable to Whittlestone, however, this reasoning fails. Whittlestone does not dispute that the contract can be terminated by one party's material breach of the contract. Rather, Whittlestone argues that, under Paragraph 20(b)(2) & (c)(2) of the agreement, in the event of a breach of contract the contract may be terminated only by the *non-breaching party*. Thus, because Handi-Craft was the breaching party, it could not terminate the contract pursuant to Paragraph 20 (b)(2). Paragraph 20(f) is not inconsistent with this proposition, as it speaks in terms of the non-breaching party being able to terminate upon breach by the other party. Therefore, Whittlestone's interpretation of the contract was at least as plausible as Handi-Craft's, and the district court erred by ruling that Whittlestone's proffered interpretation necessarily failed as a matter of law.

Construing the pleadings in the light most favorable to Whittlestone, it appears Whittlestone's claim for lost profits and consequential damages is not per se barred by the contract. The parties may well argue at a later stage of litigation that the intent of the parties or properly admitted extrinsic evidence supports their respective interpretations of the contract. *ASP*

## IV.   Conclusion

**[6]** We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law. Therefore, we remand this case back to the district court with specific instructions to not dismiss Whittlestone's claim for lost profits and consequential damages under a Rule 12(f) motion.

**REVERSED AND REMANDED.**

---

Props. Group v. Fard, Inc., 35 Cal. Rptr. 3d 343, 349 (Ct. App. 2005); *Good Hope Missionary Baptist Church v, St. Louis Alarm Monitoring Co., Inc.*, 306 S.W.3d 185, 192 (Mo. Ct. App. 2010). Such factually based arguments are appropriate on remand at a later stage of litigation, not on the pleadings.