FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 10 2012

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., as trustee for BENJAMIN CABAL 2007 INSURANCE TRUST, | No. 11-55366 |
| Plaintiff / counter-defendant / Appellee, | D.C. No. 2:09-cv-01840-DDP-RZ |
| v. | MEMORANDUM[*] |
| AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation, | |
| Defendant / counter-claimant / Appellant, | |
| EXAMINATION MANAGEMENT SERVICES, INC., a Texas corporation, FKA Profile Services, Inc., | |
| Third-party-defendant / Cross Defendant , | |
| and | |
| BENJAMIN CABAL, an individual, | |
| Third-party-defendant / Cross | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant .

WELLS FARGO BANK, N.A., as trustee for BENJAMIN CABAL 2007 INSURANCE TRUST,

        Plaintiff-counter-defendant - Appellee,

  v.

AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation,

        Defendant-counter-claimant - Appellant.,
_____,

EXAMINATION MANAGEMENT SERVICES, INC., a Texas corporation, FKA Profile Services, Inc.,

        Third-party-defendant - Cross-Claimant,

  and

BENJAMIN CABAL, an individual,

        Cross-defendant - Third-party-defendant.

No. 11-55665

D.C. No. 2:09-cv-01840-DDP-RZ

Appeal from the United States District Court
for the Central District of California

2

Dean D. Pregerson, District Judge, Presiding

Submitted August 6, 2012**

Pasadena, California

Before: REINHARDT, SILVERMAN, and NGUYEN, Circuit Judges.

American National Insurance Company (ANICO) appeals: (1) the district court's order striking ANICO's counterclaim allegations regarding the retention of premiums; and (2) its summary judgment order holding that the policy at issue was not void for lack of an insurable interest. Neither party appeals the district court's summary judgment order sua sponte declaring the Policy rescinded by ANICO.

"[Federal Rule of Civil Procedure] 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Here, the district court struck the request to retain a portion of the premiums upon concluding it was unavailable as a matter of law. While we

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

3

acknowledge that Judge Pregerson lacked the benefit of *Whittlestone*'s guidance at the time of his decision, striking ANICO's request under Rule 12(f) was error.[1]

We review a district court's grant of summary judgment de novo. *Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010).

ANICO argues that the policy is void as against public policy because it lacked an insurable interest. If the policy was void, ANICO would be able to keep the premiums. *See Kelton v. Stravinski*, 138 Cal. App. 4th 941, 949 (2006).

The pre-2010 version of California Insurance Code section 10110.1 is applicable because the beneficial interest was transferred by Thelma Cabal to Accumulation Trust in January 2008 and the statute does not apply retroactively. *See* 2009 Cal. Legis. Serv. Ch. 343 (S.B. 98); *McClung v. Emp't Dev. Dep't*, 34 Cal. 4th 467, 475 (2004).

---

[1] We note that the district court may not have considered California Civil Code section 1692, which allows the court to "require the party to whom such relief is granted to make any compensation to the other which justice may require and may otherwise in its judgment adjust the equities between the parties." Such relief is not limited to normal "compensatory damages" and "an adjustment may be compelled so as to forestall unjust enrichment of the nonrescinding party through whose fault the grounds of rescission have arisen." *Runyan v. Pac. Air Indus., Inc.*, 2 Cal. 3d 304, 311-15 (1970). Although ANICO is not *entitled* to its requested relief, on remand the district court may determine whether, under Section 1692, a consideration of the equities permits ANICO to retain some or all of its incurred costs.

4

Here, Benjamin Cabal formed an insurance trust to apply for and own the policy insuring his own life and named Thelma Cabal, his wife, the trust beneficiary. The irrevocable trust therefore had an insurable interest when the policy took effect. Moreover, under California law, after a policy takes effect, no insurable interest is required and the policy may therefore be transferred to any other person. Cal. Ins. Code § 286; Cal. Ins. Code § 10130. An intent to transfer "does not negate the fact that when the trust acquired the policies, they were supported by an insurable interest," and therefore, under the prior version of section 10110.1, it made no difference that the Cabals always intended to transfer Thelma Cabal's interest to Accumulation Trust. *See Lincoln Life & Annuity Co. of N.Y. v. Berck*, No. D056373, 2011 WL 1878855, at 5 (Cal. App. May 17, 2011) *review denied* Aug. 31, 2011.

ANICO's focus on the fact that Khrlobian and others "caused [the policy] to be procured" is misplaced. The "caused to be procured" language in former section 10110.1(e) comes into play only *if* the person *applying* for the insurance does not have an insurable interest in the individual insured. The Cabal Trust had an insurable interest in Benjamin Cabal's life. Because the policy was supported by a valid insurable interest at the time it took effect the policy is not void. *See Berck*, 2011 WL 1878855, at *7.

5

We **REVERSE** the district court order striking ANICO's request to retain premiums. We **AFFIRM** the district court's summary judgment order insofar as it holds that the policy is not void for lack of an insurable interest at its inception.

This case is **REMANDED** to the district court for further proceedings consistent with this Memorandum.

Each party shall bear its own costs on appeal.