FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMMANUEL R. BEAULIEU,

               Plaintiff - Appellant,

   v.

INTERNAL REVENUE SERVICE,

               Defendant - Appellee.

No. 11-35509

D.C. No. 6:10-cv-06401-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

     Emmanuel R. Beaulieu appeals pro se from the district court's dismissal of

his action seeking to quiet title to real property on which the United States claimed

a lien. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the district court's denial of a motion to strike and motion for reconsideration. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (motion to strike); *Sch. Dist. No. 1J, Multnomah Cnty., Ore. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (motion for reconsideration). We affirm.

The district court did not abuse its discretion by denying Beaulieu's motion to strike and motion for reconsideration because, contrary to Beaulieu's argument, no rule expressly required Larson to be an active bar member. *See* D. Ore. Loc. R 83-4 ("[a]ttorneys who represent the United States . . . may appear in a case without having to comply with . . . LR 83-2"); D. Ore. Loc. R 83-2 ("[a]dmission to general practice, and continuing membership in the bar of this court, is limited to attorneys of good moral character who are active members in good standing with the Oregon State Bar"). Moreover, Beaulieu failed to demonstrate any prejudice. *See Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 138 (9th Cir. 1991) (affirming judgment because there was no evidence that the representation by an individual not licensed to practice law resulted in any prejudice).

Beaulieu's contention concerning defendant's citation to an unpublished case is unpersuasive.

We do not consider issues not explicitly and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**