**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2808
_____

RAYMOND S. CRIMONE;
REBECCA A. CRIMONE,

                                                              Appellants

v.

NATIONSTAR MORTGAGE, LLC; MCCABE, WEISBERG, &
CONWAY, P.C.; ANDREW L. MARKOWITZ, Esquire;
MARC S. WEISBERG, Esquire; EKKER, KUSTER, MCCALL
& EPSTEIN LLP; THOMAS R. DOBSON; SANDELANDS EYET;
MATTHEW T. EYET, Esquire; DOES 1-10
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-00808)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2016

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2016)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Raymond and Rebecca Crimone are the defendants in a state-court mortgage foreclosure proceeding that apparently remains pending in Mercer County, Pennsylvania. That proceeding was initiated by Nationstar Mortgage, LLC ("Nationstar"), which alleges that it is the assignee of the Crimones' mortgage. The Crimones are contesting the validity of the assignment to Nationstar and Nationstar's authority to foreclose.

In addition to raising those challenges in state court, the Crimones filed and then amended the federal complaint at issue here. The Crimones named as defendants Nationstar, the lawyers who have represented Nationstar in the foreclosure proceeding, and the judge who is presiding over that proceeding. The Crimones allege that the Nationstar defendants have violated their rights under the Fair Debt Collection Practices Act ("FDCPA") and various provisions of state law by attempting to collect a fraudulent or unenforceable debt. The Crimones further allege that the presiding judge has violated their constitutional rights by proceeding in the absence of jurisdiction[1] and by altering or destroying unspecified items of evidence.

Various defendants moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6), and the District Court referred the motions to a Magistrate Judge. The

_____

[1] In particular, the Crimones allege that the presiding judge lacks jurisdiction because Nationstar lacks standing to collect on the mortgage and because they have been unable to locate evidence confirming that the judge took an oath of office.

2

Magistrate Judge recommended abstaining under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), to the limited extent that the Crimones' amended complaint could be read to seek an injunction against the state-court proceeding or to request the removal of the presiding judge. The Magistrate Judge further concluded that the Crimones' claims against the judge are barred by Eleventh Amendment and judicial immunity. As for the Crimones' FDCPA claims, the Magistrate Judge concluded that the Crimones' largely conclusory allegations failed to state a plausible violation of the FDCPA and that further amendment of their complaint would be futile. In light of these conclusions, the Magistrate Judge recommended dismissing the Crimones' federal claims and declining to exercise supplemental jurisdiction over their state-law claims. The District Court adopted that recommendation and dismissed the Crimones' amended complaint. The Crimones filed a motion for reconsideration, which the District Court denied. They now appeal pro se.[2]

Having carefully reviewed the record and the parties' filings on appeal, we will affirm primarily for the reasons adequately explained by the Magistrate Judge. The Crimones' filings on appeal focus largely on undisputed issues that are irrelevant to the District Court's decision, such as their status as "consumers" and Nationstar's status as a

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6), and we will affirm if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220 (3d Cir. 2011) (quotation marks omitted). We review the District Court's denial of reconsideration and its disallowance of amendment for abuse of discretion except to the extent that they raise issues of law, which we review de novo. <u>See</u> <u>id.</u>

3

"debt collector," and otherwise largely repeat their conclusory allegations of wrongdoing. Those filings neither raise any arguable error in the Magistrate Judge's analysis nor suggest that the Crimones could state a valid claim if given another opportunity to amend their complaint.

We note that the Magistrate Judge, in analyzing the issue of abstention, applied law pre-dating Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013). We need not address the District Court's decision to abstain in part, however, because the Crimones have not challenged that decision. Even if we were to reach the issue and conclude that the Magistrate Judge's abstention analysis was erroneous (which we do not decide), we would affirm on the alternative ground that the Crimones stated no plausible basis for a federal court to enjoin the state-court foreclosure proceeding or to remove the presiding judge. If the Crimones' allegations in that regard are true—and we by no means suggest that they are—then those allegations potentially state grounds for relief on any state-court appeal. We otherwise express no opinion on that issue or on the merits of any issue in the foreclosure proceeding.

For these reasons, we will affirm the judgment of the District Court. The Crimones' motion for leave to file a supplemental reply brief is granted, and we have considered their supplemental reply brief in reaching our decision.[3]

_____

[3] The Crimones argue that the appellees' briefs on appeal constitute additional evidence in support of their claims. They assert that they intend to file a motion with the District Court under Fed. R. Civ. P. 60(b) on that basis and a motion to stay this appeal pending the District Court's ruling. The Crimones, however, have not actually filed a Rule 60(b)

motion with the District Court or a motion to stay this appeal. Our notation of that fact should not be read as a suggestion that they file a Rule 60(b) motion now.