NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIKOLAY OTCHKOV,

Plaintiff-Appellant,

v.

ALAN EVERETT, et al.,

Defendants-Appellees.

No. 13-17001

D.C. No. 2:12-cv-02042-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 18, 2017[**]

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Nikolay Otchkov appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims against the Arizona Department of Liquor License and other defendants arising from the denial of a liquor license. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (failure to state a claim); *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007) (qualified immunity); *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999) (statute of limitations); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 838 (9th Cir. 1997) (Eleventh Amendment immunity). We affirm.

The district court properly dismissed Otchkov's claims against defendants the City of Phoenix and Cortez as barred by Arizona's two-year statute of limitations. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *see also* Ariz. Rev. Stat. § 12-542 (statute of limitations governing personal injury action is two years).

The district court properly dismissed Otchkov's claims against defendant Everett in his official capacity as barred by Eleventh Amendment immunity. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment bars suits against the State, its agencies, and state officials sued in their official capacities, absent unequivocal consent by the State). The district court also properly dismissed Otchkov's claims against

2                                                                          13-17001

Everett in his individual capacity because Everett was entitled to qualified immunity. *See id.* at 968 ("State officials are entitled to qualified immunity 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (citation omitted)); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (to be clearly established, the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right").

The district court properly dismissed Otchkov's intentional infliction of emotional distress claim against defendants Everett and Lorona because Otchkov failed to allege facts sufficient to state a claim. *See Johnson v. McDonald*, 3 P.3d 1075, 1080 (Ariz. Ct. App. 1999) (setting forth elements of intentional infliction of emotional distress under Arizona state law); *see also Hebbe*, 627 F.3d at 341-42 (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Otchkov's federal claims against defendant Lorona because Otchkov failed to allege facts sufficient to establish that Lorona engaged in state action. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (to state a § 1983 claim, a plaintiff must allege that a defendant,

13-17001

acting under color of state law, deprived plaintiff of rights secured by the Constitution or federal statutes); *see also Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (requiring more than conclusory allegations to consider a private party a state actor for the purposes of § 1983).

The district court did not abuse its discretion in denying Otchkov's motions to strike because Otchkov failed to meet the requirements under Federal Rule of Civil Procedure 12(f). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (the function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial); *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (standard of review).

The district court did not abuse its discretion in finding good cause to set aside the entry of default against defendant Everett. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (setting forth the factors to determine good cause; judgment by default is a drastic step appropriate only in extreme circumstances); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (standard of review for entry of default judgment).

**AFFIRMED.**

13-17001