**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ITN FLIX, LLC, a Utah Limited Liability company; GIL MEDINA, an individual, <br><br>          Plaintiffs-Appellants, <br><br>   v. <br><br> GLORIA HINOJOSA, an individual; AMSTEL EISENSTADT FRAZIER AND HINOJOSA TALENT AGENCY, a California corporation; ROBERT RODRIGUEZ, an individual; MACHETE KILLS, LLC, a Texas limited liability company; EL CHINGON, INC., a Texas corporation; TROUBLEMAKER STUDIOS, L.P., a Texas limited partnership; QUICK DRAW PRODUCTIONS, LLC, a Texas limited liability company, <br><br>          Defendants-Appellees. | No.   15-55800 <br><br> D.C. No. <br> 2:14-cv-08797-ODW-RZ <br><br><br> MEMORANDUM [*] |
| ITN FLIX, LLC, a Utah Limited Liability company; GIL MEDINA, an individual, <br><br>          Plaintiffs-Cross Appellees, <br><br>   v. | No.   15-55872 <br><br> D.C. No. <br> 2:14-cv-08797-ODW-RZ |

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GLORIA HINOJOSA, an individual; AMSTEL EISENSTADT FRAZIER AND HINOJOSA TALENT AGENCY, a California corporation,

                  Defendants,

 and

ROBERT RODRIGUEZ, an individual; MACHETE KILLS, LLC, a Texas limited liability company; EL CHINGON, INC., a Texas corporation; TROUBLEMAKER STUDIOS, L.P., a Texas limited partnership; QUICK DRAW PRODUCTIONS, LLC, a Texas limited liability company,

                  Defendants-
                  Cross Appellants.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

      Gil Medina, a Utah filmmaker, and his Utah film production company, ITN

Flix, LLC, Inc. (collectively, "Medina"), appeal the grant of a motion to dismiss

---

      [**]      The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

without leave to amend and the grant of an anti-SLAPP motion. This case arises out of an alleged breach by Danny Trejo, the star of Medina's 2006 film *Vengeance*, of an agreement not to play other vigilante characters. In 2009, Trejo agreed to star in a hit movie directed by Defendant Robert Rodriguez, a filmmaker and principal or officer of Defendants Machete Kills, LLC; El Chingon, Inc.; Troublemaker Studios, L.P.; and Quick Draw Productions, LLC (collectively, "Rodriguez"). Medina sued Rodriguez for his alleged involvement in causing Trejo to breach his agreement with Medina. Medina also sued Defendant Gloria Hinojosa, a talent agent and principal of Defendant Amsel, Eisenstadt, Frazier & Hinojosa Talent Agency (collectively, "Hinojosa"). Rodriguez cross appeals the failure to award attorney's fees on the anti-SLAPP motion.

We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the dismissal of the Complaint, REVERSE the denial of leave to amend the First and Fifth Claim, VACATE the ruling on the anti-SLAPP motion, and DISMISS as premature the cross-appeal as to attorney's fees.

## I. Motion to Dismiss and Anti-SLAPP Motion

### A. First Claim

Medina alleges that Rodriguez wrongfully interfered with contracts between: (1) Medina and Trejo; and (2) Medina and React Games, the creator of a mobile app game to promote his film. California law applies to both alleged contracts: the

3

April 25, 2006, Master Licensing Agreement ("MLA"), which has a California law choice-of-law provision, and the July 22, 2006, Acting Agreement ("AA"), because California's interests would be more impaired if Utah's law were applied. *See Application Grp., Inc. v. Hunter Grp., Inc.*, 72 Cal. Rptr. 2d 73, 86 (Ct. App. 1998).

Under Cal. Bus. & Prof. Code § 16600, both the MLA and AA are void as unlawful restraints on trade because they limit the right of Trejo to pursue lawful employment. *See Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 290–91 (Cal. 2008); *KGB, Inc. v. Giannoulas*, 164 Cal. Rptr. 571, 576–77 (Ct. App. 1980); *Gordon Termite Control v. Terrones*, 148 Cal. Rptr. 310, 311 (Ct. App. 1978).

Medina argues that § 16600 does not apply to "in term" non-compete clauses that last only for the term of employment set by the contract. Both California courts and the Ninth Circuit have rejected this argument. *Kelton v. Stravinski*, 41 Cal. Rptr. 3d 877, 883 (Ct. App. 2006); *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1292–93 (9th Cir. 2009). Medina also contends that the MLA's assignment of Trejo's right of publicity to Medina should constitute an exception to § 16600. But § 16600 applies "[e]xcept as provided in this chapter," Cal. Bus. & Prof. Code § 16600, and the right of publicity for a living person does not appear in that chapter. *See id.* §§ 16601–06. Finally, Medina argues that applying § 16600 to the entertainment industry would be unworkable because

4

personal services contracts are so often needed to ensure the availability of celebrities. But "when a contract creates an illegal restraint on trade, there is nothing that the parties can do that will in any way add to its validity." *Kelton*, 41 Cal. Rptr. 3d at 881.[1]

To the extent Medina's claim is based on any oral promise by Trejo to Medina (not reflected in the alleged written contracts) to actively market and promote Medina's films, the claim fails because Medina identifies no consideration paid to or breach by Trejo based on that oral promise.

Although the district court properly dismissed the First Claim, Medina should have been granted leave to amend because, while he cannot plead a valid written contract, it does not appear futile that he could plead facts establishing an oral contract with Trejo to market and promote his film. *See Dougherty v. City of*

_____

[1] The parties filed several Requests for Judicial Notice ("RJN"). As evidence of industry custom, Medina filed an RJN (ECF No. 21) of a Screen Actor Guild agreement that is not the subject of his Complaint. We DENY this request because industry custom is irrelevant, given that it cannot make legal that which is illegal. *Kelton*, 41 Cal. Rptr. 3d at 881. To show evidence of Medina's actions that restrain Trejo's ability to engage in his trade, Hinojosa filed an RJN (ECF No. 37) of Medina's filings in a Utah action and JAMS arbitration tribunal, and Medina responded with his own RJN (ECF No. 57). We DENY AS MOOT these requests because the allegations in the complaint and the terms of the AA and MLA are sufficient to show that their provisions violate § 16600. Finally, to support his request for leave to amend, Medina filed an RJN (ECF No. 43) of a complaint filed by Rodriguez in a different proceeding. We DENY AS MOOT this request because we conclude that Medina should have been granted leave to amend the First and Fifth Claims.

*Covina*, 654 F.3d 892, 901 (9th Cir. 2011). We express no opinion as to whether a new pleading would cure the defects in his Complaint.

**B. Third and Fifth Claims**

Medina alleges that Rodriguez and Hinojosa intentionally interfered with prospective economic advantage between: (1) Medina and the Wozniaks; (2) Medina and Trejo; and (3) Medina and potential exhibitors and distributors.

The district court correctly dismissed without leave to amend the Third Claim against Rodriguez because it alleges at most that he failed to comply with "industry standards" by creating films with Trejo in violation of unenforceable non-compete provisions, which is insufficient to state a claim for intentional interference with prospective economic advantage. *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 366 (Ct. App. 2002).

The district court also correctly dismissed the Fifth Claim against Hinojosa. To the extent it is based on Hinojosa facilitating Trejo's casting in Rodriguez's movies, the Fifth Claim fails for the same reason that the First Claim did: the lack of any valid contract with which Hinojosa interfered. The Fifth Claim also fails to the extent it is based on the Wozniaks' failure to provide marketing and promotional support to Medina's App Game after Hinojosa allegedly told them Medina was a conman. Even if the statement was false, Medina does not allege facts to show the requisite probability of future economic benefit. *See Westside*

6

*Ctr. Assocs. v. Safeway Stores 23, Inc.*, 49 Cal. Rptr. 2d 793, 802 (Ct. App. 1996). Finally, as to any economic relationship with unnamed potential exhibitors and distributors, the district court correctly concluded that a potential relationship with "future" business partners cannot constitute the requisite "existing" business relationship. *Roth v. Rhodes*, 30 Cal. Rptr. 2d 706, 715 (Ct. App. 1994).

However, Medina should have been granted leave to amend the Fifth Claim because it does not appear futile that he could plead facts about the Wozniaks' promises to provide marketing or support. We express no opinion as to whether a new pleading would cure the defects in his Complaint.

### C. Second and Fourth Claims

The Second and Fourth Claims under Utah law were properly dismissed without leave to amend because they are duplicative. The one difference between Utah and California law invoked by Medina—Utah's more permissive stance on non-compete clauses—is not persuasive because California law applies to void any non-compete provisions. *See Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1338 (9th Cir. 1980).

### D. Ninth Claim

The district court properly dismissed without leave to amend Medina's Ninth Claim for negligence because he identified no special relationship with any Defendant that creates a duty of care owed to him. *See Quelimane Co. v. Stewart*

7

*Title Guar. Co.*, 960 P.2d 513, 533 (Cal. 1998), *as modified* (Sept. 23, 1998).

### E. Anti-SLAPP Motion

The district court erred by analyzing the anti-SLAPP motion brought under Cal. Civ. Proc. Code § 425.16(b)(1) as a motion to strike pleadings under Federal Rule of Civil Procedure 12(f), which has different requirements and is reviewed more leniently on appeal. *See Safari Club Int'l v. Rudolph*, 845 F.3d 1250, 1257 (9th Cir. 2017); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Accordingly, we vacate the grant of the anti-SLAPP motion and remand for reconsideration under the correct anti-SLAPP analysis.

## II. Cross-appeal

Because we vacate the district court's ruling on the anti-SLAPP motion, we dismiss as premature Rodriguez's cross-appeal of the failure to award attorney's fees on that anti-SLAPP motion. On remand, if the district court grants the anti-SLAPP motion, it should consider whether attorney's fees are proper and it should do so even if it also grants a motion to dismiss. *See Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996) ("[C]laims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot." (quotation omitted)); *White v. Lieberman*, 126 Cal. Rptr. 2d 608, 614 (Ct. App. 2002) (finding anti-SLAPP motion was not moot after demurrer granted without leave to amend because of

8

potential for attorney's fees).

Costs of appeal shall be taxed against Appellants Gil Medina and ITN Flix, LLC, Inc.

**AFFIRMED in part, REVERSED in part, VACATED in part, DISMISSED in part, and REMANDED.**