NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WANDA E. SMITH-JETER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ARTSPACE EVERETT LOFTS CONDOMINIUM ASSOCIATION, <br><br> Defendant-Appellee. | No. 16-35196 <br><br> D.C. No. 2:14-cv-01584-JPD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue II, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Wanda E. Smith-Jeter appeals pro se from the district court's summary

judgment in her action alleging discrimination in violation of the Fair Housing Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("FHA"), and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and for an abuse of discretion a district court's decision on a motion to strike, *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Smith-Jeter's housing discrimination claim under Section 3604 of the FHA because Smith-Jeter failed to raise a genuine dispute of material fact as to whether similarly situated individuals were granted a benefit for which she was qualified and denied. *See McDonald v. Coldwell Banker*, 543 F.3d 498, 503 (9th Cir. 2008) (elements of a prima face case for housing discrimination). Contrary to Smith-Jeter's contention, the district court properly analyzed her allegations of discrimination as a disparate treatment claim.

The district court properly granted summary judgment on Smith-Jeter's retaliation claim under Section 3617 of the Fair Housing Act because Smith-Jeter failed to raise a genuine dispute of material fact as to whether she was engaged in a protected activity or subjected to an adverse action because of her protected activity. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (elements of retaliation claim).

The district court properly granted summary judgment on Smith-Jeter's

16-35196

fraud claim Smith-Jeter failed to raise a genuine dispute of material fact as to whether defendants subjected her to any particular act of fraud. *See* Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (Rule 9(b) requires allegations of fraud to be specific enough to give defendants notice of their particular misconduct in order to defend against the charge).

The district court did not abuse its discretion in striking Smith-Jeter's settlement letter from the record because the letter was inadmissible under Federal Rule of Evidence 408. *See Brocklesby v. United States*, 767 F.2d 1288, 1292 (9th Cir. 1985) (Rule 408 bars the admission of settlement agreements to prove liability).

**AFFIRMED.**