**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3516
_____

RAYMOND S. CRIMONE;
REBECCA A. CRIMONE,
                                        Appellants

v.

MCCABE WEISBERG & CONWAY, P.C.;
MARC S. WEISBERG, Esquire;
ANDREW L. MARKOWITZ, Esquire;
NATIONSTAR MORTGAGE, LLC;
SANDELANDS EYET; MATTHEW T. EYET;
DOES 1-10; JAY BRAY, CEO & President of Nationstar
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-cv-01776)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2018
Before:  SHWARTZ, KRAUSE, and FISHER, Circuit Judges

(Opinion filed: June 1, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Raymond S. and Rebecca A. Crimone appeal from the order of the District Court dismissing their amended complaint on res judicata grounds. We will affirm.

I.

The Crimones are the defendants in a state-court mortgage foreclosure proceeding still pending in Mercer County, Pennsylvania. That proceeding was brought by Nationstar Mortgage, LLC ("Nationstar"), which alleges that it is the assignee of the Crimones' mortgage. The Crimones contest the validity of both the assignment and their underlying debt.

The suit at issue here is the second of two federal suits that the Crimones have filed regarding the foreclosure action. In their first suit, the Crimones alleged that Nationstar improperly brought that action because, inter alia, their debt is invalid. Among their specific theories was that Nationstar submitted to the state court (1) copies of the mortgage and promissory notes that had been altered and that did not bear the Crimones' "true signatures," and (2) supporting affidavits falsely claiming that the copies were accurate. The Crimones also relied on the opinions of "professional forensic fraud auditors," though in support of a different theory. On the basis of these allegations, the Crimones claimed that Nationstar and its current and former lawyers violated the Fair Debt Collection Practices Act ("FDCPA"), the federal Constitution, and state law.

The District Court dismissed the Crimones' federal claims under Fed. R. Civ. P. 12(b)(6) and declined to exercise supplemental jurisdiction over their state-law claims.

2

In doing so, the District Court concluded that the Crimones had alleged nothing plausibly suggesting that the documents in question were fraudulent and had provided no indication that they could do so by amendment. We affirmed, and the United States Supreme Court denied certiorari. See Crimone v. Nationstar Mortg., LLC, 634 F. App'x 375 (3d Cir. 2016), cert. denied, 137 S. Ct. 202 (2016).

The Crimones filed their second federal suit about two months later and eventually amended their complaint. They again asserted claims under the FDCPA and other federal and state laws against Nationstar and its lawyers based on Nationstar's prosecution of the foreclosure action, and they again alleged that Nationstar submitted to the state court the same forged documents supported by the same kind of false affidavits. This time, the Crimones relied on Nationstar's submission of documents in support of a motion for summary judgment that it filed in the state proceeding on December 1, 2015, about six months after the District Court dismissed the Crimones' first suit. The Crimones also relied on a report by someone they referred to as a "forensic document examiner" affiliated with an entity called Mortgage Defense Systems. The examiner opined that the Crimones' signatures on the copies submitted in state court were digitally inserted and were not contained in the originals (which he had not examined).

Defendants moved to dismiss the second suit under Rule 12(b)(6) on res judicata grounds. The District Court, acting on a Magistrate Judge's recommendation, granted their motions and dismissed the amended complaint. The District Court also struck

portions of the amended complaint under Fed. R. Civ. P. 12(f).  The Crimones filed both

a notice of appeal and motion for reconsideration under Fed. R. Civ. P. 59(e).  The

District Court denied that motion, but the Crimones did not file another notice of appeal.[1]

## II.

We will affirm primarily for the reasons explained by the Magistrate Judge and

adopted by the District Court.  Res judicata, also called claim preclusion, applies when

there has been:  "(1) a final judgment on the merits in a prior suit; (2) involving the same

parties or their privies; and (3) a subsequent suit based on the same cause of action."

Elkadrawy, 584 F.3d at 172.  Only the third of these requirements is disputed.

"[W]e take a broad view" of whether suits are based on the same cause of action,

and we focus on "the essential similarity of the underlying events giving rise to the

various legal claims."  Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999)

(quotation marks omitted).  Thus, even if a second suit alleges new or different events, it

is still based on the same cause of action if the new allegations "seek[] recovery for

essentially the same wrongful conduct" or a "single course of wrongful conduct."  Id. at

---

[1] The Crimones' notice of appeal from the order of dismissal ripened once the District Court denied their Rule 59(e) motion, see Fed. R. App. P. 4(a)(4)(B)(i), and we have jurisdiction to review the order of dismissal under 28 U.S.C. § 1291.  Our jurisdiction does not extend to the denial of the Crimones' Rule 59(e) motion because they did not file a new or amended notice of appeal.  See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253 (3d Cir. 2008).  We exercise plenary review of dismissals on res judicata grounds.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).  We review orders striking matter under Rule 12(f) for abuse of discretion.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

195. "The fact that several new and discrete [actionable] events are alleged does not compel a different result" because "[a] claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Elkadrawy, 584 F.3d at 174 (quotation marks omitted).

Such is the case here. In both of the Crimones' federal suits, they alleged that Nationstar wrongfully prosecuted the same foreclosure action seeking to recover the same debt by submitting the same documents supported by the same kind of false affidavits. The essential similarity of these claims means that they are based on the same cause of action for res judicata purposes. See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 81 (1st Cir. 2011) (holding that res judicata barred a mortgage-related FDCPA suit because the suit alleged merely "a continuation of the wrongful conduct alleged in the [prior] action" and "the same pattern of behavior" previously alleged).

The Crimones argue that this suit is not barred by res judicata because they have a new expert report. The District Court relied on one of our non-precedential opinions recognizing an exception to res judicata for subsequent suits based on new evidence if "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." Haefner v. North Cornwall Twp., 40 F. App'x 656, 658 (3d Cir. 2002) (per curiam) (citing L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (per curiam)). The District Court concluded, however, that the Crimones' new report did not qualify because it was previously available.

5

We do not appear to have addressed in a precedential opinion whether newly discovered evidence can constitute an exception to res judicata permitting a second suit on the same cause of action or whether, as some courts have held, it instead constitutes potential grounds to reopen the first suit under Fed. R. Civ. P. 60(b). See, e.g., N.Y. Life Ins. Co. v. Gillispie, 203 F.3d 384, 387-88 (5th Cir. 2000). We need not do so in this case because, even if new evidence could constitute an exception to res judicata, we agree with the District Court that the Crimones' new report was previously available.

Nationstar submitted the same documents in question to the state court before the Crimones filed their first suit, and the Crimones alleged in that suit that their signatures on those documents were not their "true signatures." The Crimones conceded as much below by acknowledging that they have "maintained from day one" that their signatures were forged and that they based their prior suit on that allegation. (ECF No. 6 ¶¶ 4-5.) The Crimones have provided no reason why they could not have obtained an expert opinion to that effect before. Cf. United States v. Iannelli, 528 F.2d 1290, 1293 (3d Cir. 1976) (holding that a new expert opinion regarding forgery was not "newly discovered evidence" warranting a new criminal trial "because the forgery of [an official's] initials, if in fact they were forged, could have been discovered at the time of the trial by subjecting the initials to expert handwriting analysis"). We have reviewed the Crimones' remaining arguments regarding res judicata and conclude that they lack merit.

Two final issues warrant discussion. First, although the District Court declined to exercise supplemental jurisdiction over the Crimones' state-law claims when it dismissed

6

their first suit, it did not differentiate between their federal and state-law claims in dismissing their second suit. We construe the District Court's order of dismissal as again declining to exercise supplemental jurisdiction over the Crimones' state-law claims.

Second, the Crimones challenge the District Court's order striking portions of their amended complaint that alleged various matters of religion and corruption by state and federal courts. The Crimones argue that the District Court did not specify the portions stricken, but the Magistrate Judge clearly identified them in her report. (ECF No. 47 at 9.) The Crimones also argue that their amended complaint contained nothing that was "threatening or scandalous," but we agree with the District Court that the portions stricken were at best "immaterial" because they had no bearing on the merits of the Crimones' claims. Fed. R. Civ. P 12(f).

III.

For these reasons, we will affirm the judgment of the District Court. The motion of appellees Matthew T. Eyet, et al., to withdraw their reply brief is granted. Appellants' motion for leave to file a separate reply brief to the brief of Nationstar, et al., is granted as well, and the Clerk is directed to docket their separate reply brief. We have considered that brief in reaching our disposition.