NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON HAHN, | No. 18-35819 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05047-RJB |
| v. | |
| DOUG WADDINGTON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Washington state prisoner Aaron Hahn appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his health and safety.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment for defendants Waddington and Russell because Hahn failed to raise a genuine dispute of material fact as to whether these defendants personally participated in the alleged constitutional deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he was personally involved in the constitutional deprivation or there was "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendant Martin because Hahn failed to raise a genuine dispute of material fact as to whether Martin was deliberately indifferent to Hahn's health or safety regarding Hahn's placement at Washington State Penitentiary. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court did not abuse its discretion by denying Hahn's motion to compel because Hahn failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*,

18-35819

342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Hahn's request to continue summary judgment because Hahn failed to comply with the requirements of Federal Rule of Civil Procedure 56(d). *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-1101 (9th Cir. 2006) (standard of review); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (requirements of Rule 56(d)).

The district court did not abuse its discretion by denying Hahn's motion for default judgment because Hahn did not obtain entry of default and defendants did not fail to plead or otherwise defend. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth standard of review and two-step process required for entry of default judgment); *see also* Fed. R. Civ. P. 55(a) (permitting entry of default when a defendant "has failed to plead or otherwise defend").

The district court did not abuse its discretion by denying Hahn's motion for leave to amend his complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting

18-35819

forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion by denying Hahn's motion to strike and considering defendants' late-filed response to his motion for leave to amend his complaint. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (standard of review for motions to strike pursuant to Federal Rule of Civil Procedure 12(f)); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258, 1261 (9th Cir. 2010) (setting forth standard of review and equitable analysis to determine whether a party's failure to meet a deadline constitutes excusable neglect).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35819